```
             UNITED STATES DISTRICT COURT
                      FOR THE
                 DISTRICT OF VERMONT

H. Richard Austin,              :
        Plaintiff,              :
                                :
     v.                         :    File No. 1:06-CV-38
                                :
Downs, Rachlin & Martin,        :
Harold Eaton, and Gregory       :
Clayton,                        :
        Defendants.             :
```

<u>OPINION AND ORDER</u>
(Papers 34, 35, 37, 38 and 43)

Plaintiff H. Richard Austin, proceeding *pro se*, brings this action claiming that in the course of a previous and unsuccessful lawsuit, the defendants engaged in a conspiracy to fabricate scientific evidence.  Austin's complaint is styled as an "independent action" under Fed. R. Civ. P. 60(b).  The case was initiated in the United States District Court for the Eastern District of Missouri, and venue was transferred to this Court.

The defendants have each moved to dismiss, arguing that Austin's claims are barred by collateral estoppel and res judicata.  Because the issues being raised in this case have arguably been presented, and rejected, in several previous lawsuits, the defendants also seek a protective order barring Austin from making any related filings in the future.  For the reasons set forth below, the motions to dismiss and for a protective order are GRANTED.

Factual and Procedural Background

The history of this case dates back to 1994, when Austin filed his first lawsuit in this Court.  See Austin v. The Hanover Insurance Company, et al., Docket No. 95-CV-170 (*Austin I*).  In that first case, Austin sought insurance proceeds from The Hanover Insurance Company ("Hanover") after a fire destroyed his home in Warren, Vermont.  His trial memorandum specifically listed the validity of Hanover's scientific evidence as an issue for trial.

The jury in *Austin I* determined that the home had been destroyed by arson, and that insurance coverage was properly denied.  Austin appealed to the Second Circuit, which affirmed the judgment.  See Austin v. Hanover Ins. Co., 165 F.3d 13 (2d Cir. 1998).  On September 2, 1999, Austin filed a second action which, as in this case, was styled as a petition for relief from judgment (*Austin II*).  In *Austin II*, he claimed that Hanover had engaged in fraud by fabricating scientific evidence.  The Court dismissed his complaint, ruling that it was barred by res judicata.  The Court's ruling was affirmed on appeal.  See Austin v. Hanover Ins. Co., 14 Fed. Appx. 109, 110 (2d Cir. 2001).

On July 28, 2003, Austin filed a third action, this time naming as defendants persons who served in *Austin I* as Hanover's attorneys and experts.  See Austin v. Downs, Rachlin

& Martin, et al., Docket No. 1:03-CV-204 (*Austin III*).  Those defendants included the same defendants -- Downs, Rachlin & Martin, Harold Eaton, and Gregory Clayton -- named in this case.  The claim in *Austin III* was that the attorneys and experts had conspired with Hanover to fabricate scientific evidence.  The Court again dismissed the claim, holding that it was barred by res judicata and non-mutual collateral estoppel.  As in the previous two cases, the Court's judgment was upheld on appeal.  See Austin v. Downs, Rachlin & Martin, 114 Fed. Appx. 21 (2d Cir. 2004).

Austin now brings a fourth action, again claiming that the defendants committed fraud with respect to the presentation of scientific evidence in *Austin I.*  The case was initially filed in the United States District Court for the Eastern District of Missouri, which subsequently transferred venue to this Court.  In granting the defendants' motion for a transfer, the federal court in Missouri determined that

> [a]lthough this case clearly has no merit, in the interest of expediency, the Court will transfer this case to the District of Vermont so that it can render a final disposition in this matter.  The plaintiff has wasted ten years of his life pursuing this lawsuit in various forms.  At this point, whether Plaintiff's conspiracy theories may have any basis in reality is immaterial.  Plaintiff had his day in Court, and he did not prevail.  Plaintiff's repeated attempts to re-litigate his claim is a waste of judicial resources.  If Plaintiff brings this or a related cause of action before this Court again, he will be subject to sanctions.

(Paper 34-18 at 7).

The defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on grounds of res judicata and collateral estoppel. They have also asked the Court to bar Austin from "filing any further actions against them arising out of the same facts and occurrences without prior permission from the Court." (Paper 34 at 17; Paper 37 at 4-5).

### Discussion

I. Motion to Dismiss Standard

A motion to dismiss should only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Weixel v. Board of Educ. of New York, 287 F.3d 138, 145 (2d Cir. 2002). When deciding a motion to dismiss, courts must accept all factual allegations in the complaint as true, and draw all reasonable inferences in the nonmovant's favor. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)). When a plaintiff is proceeding *pro se*, courts must construe the complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). Nonetheless, in this case, Austin's claims are

clearly barred by the doctrines of res judicata and collateral estoppel.

## II.  Res Judicata and Collateral Estoppel

The doctrine of res judicata, otherwise known as claim preclusion, prevents parties from relitigating issues in subsequent litigation that were or could have been litigated in a prior action.  See Allen v. McCurry, 449 U.S. 90, 94 (1980).  As the Second Circuit concluded in denying the appeal in *Austin II,* "Austin's claims of fraud are barred by res judicata as those claims were or could have been raised in the trial court or on direct appeal to this Court."  See Austin v. Hanover Ins. Co., 14 Fed. Appx. 109 (2d Cir. 2001).  Two litigations later, the Second Circuit's conclusion still applies.

Austin's claims are also barred by collateral estoppel.  Collateral estoppel is applicable when "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits."  Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 91 ((2d Cir. 1997) (internal quotation marks omitted).  In the appeal of *Austin III*, the Second Circuit found that with

respect to Austin's claims against Hanover's attorneys and experts, "[t]here is considerable overlap between the issues previously litigated and resolved in the prior actions and those which Austin attempts to raise in the instant case." Austin v. Downs, Rachlin & Martin, 114 Fed. Appx. 21 (2d Cir. 2004). Consequently, the circuit court concluded that "Austin had a full and fair opportunity to litigate these issues in *Austin I*, and the jury's determination that the evidence was not fabricated was necessary to support a finding in favor of the insurance company. Thus under the doctrine of non-mutual collateral estoppel, Austin was properly precluded from bringing the instant action." Id. Because both the claims and the parties in this case are essentially identical to those in *Austin III*, Austin's claims are again barred by collateral estoppel.

III.  Protective Order

In the face of "multiplicitous" and/or "baseless" litigation, "[a] district court not only may but should protect its ability to carry out its constitutional functions." Safir v. United States Lines Inc., 792 F.2d 19, 23 (2d Cir. 1986) (quoting Abdullah v. Gatto, 773 F.2d, 487, 488 (2d Cir. 1985)). The Second Circuit has instructed district courts to consider the following factors when deciding whether to enjoin the filing of future lawsuits:

> (1) the litigant's history of litigation and in
> particular whether it entailed vexatious, harassing
> or duplicative lawsuits; (2) the litigant's motive
> in pursuing the litigation, *e.g.*, does the litigant
> have an objective good faith expectation of
> prevailing; (3) whether the litigant is represented
> by counsel; (4) whether the litigant has caused
> needless expense to other parties or has posed an
> unnecessary burden on the courts and their
> personnel; and (5) whether other sanctions would be
> adequate to protect the courts and other parties.

Id. at 24.

This is Austin's fourth attempt to challenge the scientific evidence presented in *Austin I*.  In *Austin II* and *Austin III* he characterized his claims as fraud actions, and in *Austin III* sued the same defendants being sued here.  As the federal court in Missouri properly stated, Austin has had his day in court, and at this point he is simply wasting judicial resources.

Reviewing the factors cited above, the Court concludes that Austin now has a lengthy history of duplicative lawsuits.  Having been denied both by this Court and by the Second Circuit on each occasion, he cannot have an objective good faith expectation of prevailing.  The defendants have been forced into court on the same or related claims numerous times in multiple venues, and are now entitled to repose.  Accordingly, if Austin wishes to commence an action in this Court in the future, he must file with his proposed complaint a motion for leave to file.  The motion will be reviewed by

the Court, and if it appears that the proposed action is repetitive, meritless, frivolous, malicious, intended to harass or otherwise barred, leave to file will be denied.

Conclusion

For the reasons set forth above, the defendants' motions to dismiss (Papers 34 and 37) are GRANTED.  The defendants' motions for a protective order (Papers 35 and 38) are also GRANTED, and Austin's motion for summary judgment (Paper 43) is DENIED as moot.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 24th day of August, 2006.

                                      /s/ J. Garvan Murtha
                                      J. Garvan Murtha
                                      United States District Judge